**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| ROBERT STANLEY LANDGREBE, ) | Bankruptcy Case No. 08-26271 EEB |
| HELEN MICHELLE LANDGREBE, ) | Chapter 7 |
| ) | |
| Debtors. ) | |

_____

**ORDER ON TRUSTEE'S OBJECTION TO EXEMPTION (CHILD TAX CREDIT)**
_____

THIS MATTER comes before the Court on the Objection to Debtors' Claim of Exemption, filed by Tom H. Connolly, Chapter 7 trustee (the "Trustee") and Debtors' Response. Following a non-evidentiary hearing, the parties submitted the matter to the Court on stipulated facts. The Court hereby FINDS and CONCLUDES:

**I. BACKGROUND**

The relevant facts of this matter are not in dispute. Debtors are married and have two sons, one of whom is a minor. Debtors jointly filed a 2008 tax return. Their Form 1040 return shows a total tax liability of $9,269, after deducting the so-called "non-refundable" child tax credit of $1,000 on line 52. Debtors did not claim the refundable "additional child tax credit" on line 66 of the return. Because Debtors had wage withholdings in excess of their tax liability, they were entitled to, and received, a tax refund in the amount of $4,586.

Debtors filed bankruptcy on October 19, 2008. Based on this petition date, the Trustee claims 79% of this refund is attributable to prepetition wages and is, therefore, subject to turnover as property of the estate. On Schedule C, Debtors claim that $1,000.00 of their tax refund is exempt as a child tax credit under Colo. Rev. Stat. § 13-54-102-(1)(o). The Trustee objects to the Debtors' claimed exemption, disputing that the refund is attributable to the child tax credit.

**II. DISCUSSION**

**A. Property of the Estate**

Exemptions in bankruptcy are governed by 11 U.S.C. § 522.[1] That section provides that "notwithstanding section 541 of this title" an individual debtor may exempt certain property

---

[1] Unless otherwise noted, all references to "Section," §, or the "Code" shall refer to Title 11, United States Code.

from inclusion in the bankruptcy estate.[2] Exemptions may only be claimed on property that is property of the bankruptcy estate.[3] If the estate does not possess a particular property interest, there is no basis to exempt it from the estate. Thus, the Court must determine, as a preliminary matter, if the child tax credit at issue is property of the estate. Pursuant to § 541(a), the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." State law usually determines the existence and scope of a debtor's interest in property.[4] However, "federal interests require the application of federal law with respect to the analysis concerning federal tax refunds, and thus the nature and existence of rights in a federal tax refund are determined by federal law."[5]

In this case, section 24 of the Internal Revenue Code defines the federal child tax credit.[6] The credit allows parents with an adjusted gross income below a threshold amount to claim a tax credit of $1,000 for each qualifying child. The credit has to distinct parts: a non-refundable component denominated on Form 1040 (line 52) as the "Child tax credit" and a refundable component denominated on Form 1040 (line 66) as the "Additional child tax credit."[7] The non-refundable portion is credited against the amount of tax owed, providing a taxpayer a dollar-for-dollar decrease in his tax bill.[8] For example, a taxpayer with a $3,000 tax liability and a $1,000 child tax credit would pay a tax of $2,000. Since the tax credit is only a credit against tax liability, a taxpayer must have a tax liability in order to use the non-refundable credit.[9] The amount of the non-refundable credit cannot exceed the amount of tax owed by the taxpayer, and therefore cannot result in a refund to a taxpayer.[10] In other words, it can only reduce income tax liability to zero. Any amount of the credit that exceeds the taxpayer's tax liability is essentially lost ( *i.e.*, it is "nonrefundable").

---

[2] 11 U.S.C. § 522(b)(1).

[3] *Owen v. Owen*, 500 U.S. 305, 308 (1991) (finding "[n]o property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate."); *Carbaugh v. Carbaugh (In re Carbaugh)*, 278 B.R. 512, 520-21 (10th Cir. BAP 2002) ("Exemptions may only be claimed on property that is property of the bankruptcy estate.").

[4] *Id.*

[5] *In re Thompson*, 396 B.R. 5, 10 (Bankr. N.D. Ind. 2008).

[6] 26 U.S.C. § 24.

[7] I.R.S. Form 1040 (2008).

[8] Other nonrefundable credits include those listed on lines 47 through 54 of the 2008 Form 1040 (*e.g.*, adoption credit, child and dependent care expenses, certain education credits).

[9] 26 U.S.C. § 24(a).

[10] *Id.* at § 24(b)(3).

The refundable portion of the child tax credit is not just a credit against tax owed. If the taxpayer qualifies for the refundable credit, any amount of the credit not used to offset tax liability is still sent to the recipient in the form of a positive payment.[11] So, the refundable portion of the credit is available where the taxpayer's child tax credit ($1,000 per qualifying child) is greater than his or her tax liability. A taxpayer need not owe taxes to receive the refundable child tax credit.[12]

The refundable tax credit, unlike the non-refundable credit, is treated as an "overpayment" under the tax code.[13] Generally speaking, an "overpayment" is "any payment made by the taxpayer over and above the tax liability."[14] Overpayments result when the sum of any "refundable" tax credits, such as repayments, wage withholding, earned income credit or refundable child tax credit, exceed the tax imposed in that year.[15] The tax code provides a mechanism for disbursing overpayments, namely, the income tax refund process.[16] "A tax refund essentially represents a repayment by the government to the taxpayer of an overpayment made by the taxpayer."[17]

Tax refunds of various types of overpayments, including refundable tax credits, have been held property of a debtor's estate. For example, the Tenth Circuit has long held that the portion of a tax refund that is based on prepetition wage withholding is property of the estate.[18] In addition, the earned income credit, another refundable tax credit, is considered property of the

---

[11] *Id.* at § 24(d).

[12] *Id.*

[13] *Id.* at § 24(d)(1).

[14] *Pettibone Corp. v. United States (In re Pettibone Corp.)*, 151 B.R. 156, 163 (Bankr. N.D. Ill. 1992) (citing *Steiner v. Nelson*, 309 F.2d 19, 21 (7th Cir. 1962)). *See also* 26 U.S.C. § 6401(a).

[15] 26 U.S.C. § 6401(b).

[16] *Id.* at § 6402(a) ("In the case of any overpayment, the Secretary . . . may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person.").

[17] *In re Kleinfeldt*, 287 B.R. 291, 293 (10th Cir. BAP 2002).

[18] *In re Barowsky*, 946 F.2d 1516, 1519 (10th Cir. 1991).

estate.[19] Several courts outside of Tenth Circuit have held that the refundable portion of the child tax credit is property of the estate.[20]

In contrast, courts have held that a non-refundable child tax credit is not property of the estate because it is simply a reduction against the amount of tax liability and not a right to receive a refund from the I.R.S.[21] As one court noted:

> The non-refundable child tax credit is not treated as an overpayment and, therefore, does not constitute any portion of a taxpayer's income tax refund. As such, the non-refundable child tax credit is not property of Debtors' bankruptcy estate and cannot be subject to collection and distribution by the Trustee. Debtors have already obtained the benefit of the entire child tax credit when they used the credit to reduce their tax liability. They cannot also use the credit to insulate part of their tax refund from use by the Trustee for the benefit of their unsecured creditors.[22]

This Court agrees. At no time did Debtors have a legal entitlement to claim a refund from the I.R.S. attributable to that credit. Rather, the "overpayment" being paid to Debtors in their tax refund is directly tied to the amount withheld from their wages. Debtors point out that the child tax credit lessened their tax liability, creating a larger return. However, even if the credit operated to reduce their tax liability, thereby creating the opportunity for a greater refund, the refund itself is first attributable to Debtors' legal entitlement to receive excess wage withholding.[23] The prorated, prepetition portion of the refund of wage withholding is property of

---

[19] *Williamson v. Jones (In re Montgomery)*, 224 F.3d 1193, 1195 (10th Cir. 2000).

[20] *See In re Matthews*, 380 B.R. 602, 606-08 (Bankr. M.D. Fla. 2007); *In re Minton*, 348 B.R. 467, 475 (Bankr. S.D. Ohio 2006); *In re Law*, 336 B.R. 144, 146 (Bankr. W.D. Mo. 2005), *aff'd*, 336 B.R. 780 (8th Cir. BAP 2006). *But see In re Schwartz*, 314 B.R. 433, 435 (Bankr. D. Neb. 2004) (finding that the child tax credit is after-acquired property and, therefore, is not property of the estate).

[21] *In re Klostermeier*, 2009 WL 1617090, at *4 (Bankr. N.D. Ohio May 29 2009); *In re Donnell*, 357 B.R. 386, 402 (Bankr. W.D. Tex. 2006).

[22] *In re Klostermeier*, 2009 WL 1617090, at *4.

[23] *In re Donnell*, 357 B.R. at 402 ("Even if the [child tax credit] operated to reduce the debtor's tax liability, thus creating the opportunity for a refund, the refund itself would be attributable to a legal entitlement to be refunded some other tax credit, such as wage withholding or the [earned income credit]."); *see also* 26 U.S.C. § 31(a) (describing refundable credit for wage withholding).

the estate.[24] The non-refundable child tax credit is not a separate interest in property that became property of the estate.

### B. Exemption

Alternatively, the credit is not exempt under Colo. Rev. Stat. § 13-54-102-(1)(o). That statute exempts "[t]he full amount of any federal or state income *tax refund attributed to* an earned income tax credit or *a child tax credit.*"[25] The exemption for the child tax credit is relatively new in Colorado. Prior to 2007, Colo. Rev. Stat. § 13-54-102-(1)(o) exempted only the "full amount of any . . . earned income credit.[26] The 2007 amendment inserted the phrase "income tax refund attributed to" and added "child tax credit."[27] The statute does not specify what type of "child tax credit" it refers to, nor can the Court locate any case law interpreting that term. Nevertheless, the Court concludes the statute exempts only the *refundable* child tax credit and not the non-refundable credit.

Exemptions are designed to permit a debtor to retain property that our legislators deem necessary for the future support of the debtor and his dependents.[28] Colorado's exemptions include both tangible and intangible property. The tangible property includes cars, homes, household goods, and the like.[29] Intangible property includes such things as a claim for a loss covered by insurance, a court-ordered domestic support obligation, and with certain exceptions, a personal injury claim.[30] Both the tangible and intangible property provide a debtor with means of future support. Similarly, an earned income credit and a *refundable* child tax credit will eventually put funds into the hands of a debtor from which he may support himself and his family. The non-refundable child tax credit, by its very definition, will never put funds into the hands of a debtor or otherwise provide means of support. Stated another way, our exemptions are intended to keep certain property of a debtor protected from "levy and sale under writ of

---

[24] *In re Barowsky*, 946 F.2d 1516, 1519 (10th Cir. 1991).

[25] Colo. Rev. Stat. § 13-54-102(1)(o) (emphasis supplied).

[26] 2007 Colo. Legis. Serv. 226 (West).

[27] *Id.*

[28] *Watson v. Lederer*, 19 P. 602, 604 (Colo. 1888); *Smith v. Pueblo Mercantile & Credit Ass'n,* 260 P. 109, 111 (Colo. 1927).

[29] *See, e.g.,* Colo. Rev. Stat. §§ 13-54-102(1)(e) (household goods),(j) (motor vehicles), and Colo. Rev. Stat. § 38-41-201 (homestead).

[30] *See, e.g.,* Colo. Rev. Stat. §§ 13-54-102(1)(m) (insured loss claims), (n) (certain personal injury claim proceeds), and (u) (court-ordered domestic support obligations).

attachment or writ of execution."[31] A creditor could never attach or levy against the non-refundable credit. But it could do so to the refundable credit portion of a tax refund, absent a specific exemption. Thus, in the absence of binding precedent to the contrary, this Court holds that the non-refundable child tax credit is not exempt "property" within the meaning of Colo. Rev. Stat. § 13-54-102-(1)(o).

### III. CONCLUSION

For the reasons set forth above, the Court sustains the Trustee's objection and disallows Debtors' claimed exemption of $1,000 pursuant to Colo. Rev. Stat. § 13-54-102-(1)(o). Debtors are ordered to turnover $3,622.94 to the Trustee, representing 79% (the prepetition portion) of their total 2008 tax refund of $4,586.

DATED this 23rd day of September, 2009.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown
United States Bankruptcy Judge

---

[31] Colo. Rev. Stat. § 13-54-102(1) (introductory clause).